United States District Court
Southern District of Texas
ENTERED
November 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| JAIME JOSE BOSCAN ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00947 |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), | § | |
| | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER ON DISMISSAL**

The Emergency Petition for Writ of Habeas Corpus, (Doc. 1), "[p]repared and [s]ubmitted [b]y [f]amily [m]embers and [s]upporters" of Petitioner, Jaime Jose Boscan Romero, is dismissed without prejudice.

## I. Background

At the time the habeas petition was filed, Petitioner was detained at the Webb County Detention Center in Laredo, Texas. The Court takes judicial notice that according to publicly available records, the immigration judge ordered Petitioner's removal on June 23, 2026, no appeal was received for the case, and immigration records do not list Petitioner's current location. *See* United States Immigration and Customs Enforcement, Online Detainee Locator System, available at https://locator.ice.gov (last visited November 10, 2026); *see also* United

States Executive Office for Immigration Review, Automated Case Information, available at https://acis.eoir.justice.gov/en/caseInformation (last visited November 10, 2026).

The petition for a writ of habeas corpus was filed by Petitioner's family members and supporters seeking his release from immigration custody based on an alleged violation of Petitioner's Fifth Amendment due process rights. (Doc. 1 at 5). Petitioner's name is typed on the signature line of the petition, but he did not sign it. (Doc. 1 at 6). An unsigned declaration of Petitioner was also filed with the petition (Doc. 1-1), along with signed letters from Petitioner's family and supporters. (Docs. 2-5).

The petition does not establish that any of Petitioner's family or supporters qualify as a "next friend" or allege any reason why Petitioner cannot file his own habeas petition pro se. (Doc. 1).

## II. Discussion

### A. A Layperson Cannot File Pleadings on Behalf of Others

A petition for writ of habeas corpus shall be "signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. §2242 (emphasis added). A party cannot be represented

by a nonlawyer. *See, e.g., In re Rudder*, 100 F.4th 582, 584 (5th Cir. 2024) (per curiam) (a party "cannot be represented by a nonlawyer"); *Raskin ex rel. J.D. v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) ("at common law, non-attorneys could not litigate the interests of others").

Under Federal Rule of Civil Procedure 17(c)(1), a representative may sue or defend on behalf of a minor or an incompetent person if the representative is a general guardian, a committee, a conservator, or a like fiduciary. "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." FED. R. CIV. P. 17(c)(2). But a "next friend" is permitted only in certain limited circumstances, and "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Gonzalez Magallon v. Livingston*, No. H-06-818, 2006 WL 1168795, at *2 (S.D. Tex. Apr. 27, 2006) (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 164 (1990)), *aff'd as modified and remanded sub nom. Magallon v. Livingston*, 453 F.3d 268 (5th Cir. 2006)). Further, "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber*

*v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). This rule exists to protect the real party in interest:

> The law contains so many esoteric pitfalls for an untrained advocate that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person. This rule exists to serve not only the interests of the represented party but also the interests of the adversaries and the court, because the entire judicial system benefits from the professional knowledge of practicing attorneys.

*Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016) (cleaned up) (quoting *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010)).

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This provision codified the "next friend" doctrine that allowed individuals to file habeas petitions on behalf of someone else in certain circumstances. *Whitmore*, 495 U.S. at 162-63. Even so, a person acting on behalf of another—a next friend—does not become a party to the action but instead simply pursues the action on behalf of the person detained, who remains the real party in interest. *Id.*

Jurisdiction to entertain a petition filed by a next friend exists only if the next friend establishes standing. Standing to proceed as a next friend in habeas proceedings "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* The Fifth Circuit has long observed, "The 'next friend' expedient, which on occasion may be essential to the efficacy of the 'Great Writ,' may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Instead, a person seeking to proceed as the next friend of another must clearly "establish the propriety of [such] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

The person seeking status as a next friend must (1) provide an adequate explanation as to why the real party in interest cannot pursue the action on his own behalf, (2) establish a true dedication to the best interests of the real party in interest, and (3) show a significant relationship with the real party in interest. *See Thorpe v. Eavenson*, No. 3:07-CV-1735-D, 2007 WL 4355441, at *2 (N.D. Tex Dec. 11, 2007) (citing *Whitmore*, 495 U.S. at 163–64).

The first criterion is essential. If the petition "filed by a would-be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device," the court lacks jurisdiction to consider the petition. *Weber*, 570 F.2d at 514; *see also Whitmore*, 495 U.S. at 163. In this respect, an adequate explanation requires a clear showing that the real party in interest "is unable to seek relief on his own behalf or is mentally incompetent to do so." *Lovelace v. Lynaugh*, 809 F.2d 1136, 1137–38 (5th Cir. 1987) (per curiam) (citing *Gilmore v. Utah*, 429 U.S. 1012, 1014 (1976)).

Here, the petition is not signed by Petitioner or a licensed attorney. The petition does not specify which particular friend or family member purports to file the petition on Petitioner's behalf. Further, the petition does not establish that the unspecified friend or family member is truly dedicated to the best interests of Petitioner or show the existence of a significant relationship between Petitioner and the unnamed person who filed the petition. The fact that a petitioner is detained is not sufficient of itself to warrant filings by a "next friend" without showing that the "next friend" qualifications have been met. *See Whitmore*, 495 U.S. at 163. The petition does not assert that Petitioner is mentally incompetent under

Rule 17 or otherwise unable to file pleadings on his own behalf. On this record, the Court is without jurisdiction to consider the petition filed by Petitioner's family and friends. Consequently, this action must be dismissed for lack of jurisdiction.

**B. The Unsigned Habeas Petition Must be Stricken**

While the Petitioner's Emergency Application for an Order to Show Cause (Doc. 10) is signed by Petitioner, the habeas petition on which that motion relies is not signed by Petitioner. Although pleadings filed by parties representing themselves are held to less stringent standards than those filed by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), self-represented parties must still comply with the Federal Rules of Civil Procedure. *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)). Rule 11 of the Federal Rules of Civil Procedure requires a party who is representing himself to personally sign "every pleading, written motion, and other paper." FED. R. CIV. P. 11(a). Because Petitioner has not signed the habeas petition, it does not comply with the Federal Rules of Civil Procedure and must be stricken.

## III. Conclusion

The Court **ORDERS** as follows:

(1) The petition (Doc. 1) filed by Petitioner's family and supporters on behalf of Petitioner is **STRICKEN** as noncompliant.

(2) This action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. (Doc. 1).

(3) Any pending motions are **DENIED AS MOOT**.

An order of dismissal will enter separately.

**ORDERED** this 17th day of November, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE